# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TONY MAPLE and <br> (2) LISA MAPLE, <br><br> Plaintiffs, <br><br> vs. <br><br> (1) UNITED STATES OF AMERICA <br> ex rel. OFFICE OF PERSONNEL <br> MANAGEMENT, <br> (2) BLUECROSS BLUESHIELD <br> ASSOCIATION, and <br> (3) BLUECROSS BLUESHIELD OF <br> OKLAHOMA, <br><br> Defendants. | Case No. CIV-09-1405-C |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
## BY DEFENDANTS BLUECROSS BLUESHIELD ASSOCIATION
## AND BLUECROSS BLUESHIELD OF OKLAHOMA

Kevin D. Gordon, OBA #10826
Alison M. Howard, OBA #19835
CROWE & DUNLEVY, P.C.
20 North Broadway, Suite 1800
Oklahoma City, OK 73102-8273
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
kevin.gordon@crowedunlevy.com
alison.howard@crowedunlevy.com

-And Of Counsel-

Anthony F. Shelley
MILLER & CHEVALIER Chartered
655 Fifteenth Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 626-5924
Facsimile: (202) 626-5801
ashelley@milchev.com

ATTORNEYS FOR DEFENDANTS,
BLUECROSS BLUESHIELD
ASSOCIATION AND BLUECROSS
BLUESHIELD OF OKLAHOMA

April 12, 2010

Plaintiffs' Complaint against the Blue Cross Defendants is aimed at redressing two grievances: (1) the retroactive termination of their enrollment in the Service Benefit Plan (or "the Plan"), one of the federal government's health benefits plan for federal employees and their dependents, and (2) BCBSOK's attempt to re-collect benefits previously paid to providers on Plaintiffs' behalf for the period during which Plaintiffs' were erroneously enrolled. *See* Compl. ¶¶ 21-24. Plaintiffs have transformed these grievances into four separate causes of action – one brought directly under the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8910-14, and three common law causes of action – all of which either complain directly of the termination of enrollment and denial of benefits or of alleged administrative errors made by BCBSOK related to those actions.

The Blue Cross Defendants moved to dismiss all counts against them. As to the FEHBA claim, the Blue Cross Defendants argued that they are improper parties to an action brought directly under FEHBA, since FEHBA mandates that challenges to enrollment and benefits be brought only against the federal government. *See* 5 C.F.R. § 890.107(a) (suit to compel enrollment must be brought against the employing office); *id.* § 890.107(c) (judicial review action challenging benefits decision "must be brought against OPM and not against the carrier or carrier's subcontractors"). With respect to Plaintiff's common law claims, because they all either constitute direct challenges to enrollment and benefits determinations or challenge BCBSOK's administration of the Plan as it relates to those determinations, they are

either preempted by FEHBA (if they sound in state law) or superseded by FEHBA (if they sound in federal common law).[1]

Plaintiffs now oppose the Blue Cross Defendants' motion on two primary grounds. First, they attempt to escape FEHBA's preemptive reach by casting their Complaint as challenging not the termination of their enrollment and retroactive denial of benefits, but rather the *manner* in which the enrollment termination and benefits denials occurred – a creative approach that has been rejected by numerous courts, including this one. Second, Plaintiffs argue that two recent cases – the Seventh Circuit's decision in *Pollitt v. Health Care Serv. Corp.*, 558 F.3d 615 (7th Cir. 2009), and the Supreme Court's decision in *Empire Health Assurance, Inc. v. McVeigh*, 547 U.S. 677, 698 (2006) – suggest that their claims need not be dismissed. Both cases are inapposite: They concerned only the question of jurisdiction – which is not at issue here – and thus did nothing either to limit FEHBA's preemptive reach or to expand the types of defendants that may be sued under FEHBA.[2]

---

[1] Plaintiffs have clarified in their Opposition brief that their common law claims in fact arise under state law, not federal common law. *See* Pls.' Opp. to Blue Cross Defs.' Mot. to Dismiss ("Pls.' Opp.") at 10 n.11. If that is true, the Court need not consider the Blue Cross Defendants' alternative argument that the common law claims are superseded by FEHBA to the extent they arise under federal common law; because they arise under state law, they are preempted by FEHBA.

[2] Before addressing Plaintiffs' arguments, the Blue Cross Defendants preliminarily note that Plaintiffs have misstated the standard of review on a motion to dismiss pursuant to Rule 12(b)(6). Plaintiffs contend that "[a] motion to dismiss should *only* be granted if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" Pls.' Opp. at 4 (quoting *McLain v. Real Estate Bd. Of New Orleans, Inc.*, 444 U.S. 232, 246 (1980)) (Plaintiffs' emphasis). But in *Bell Atlantic, Inc. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court expressly did away with the "no set of facts" standard in favor of one that requires significantly more of a plaintiff's complaint in order to survive a motion to dismiss. As the Tenth Circuit has explained: "[U]ntil recently, we have only affirmed a dismissal where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. However, the Supreme Court

2

I.   **Challenges To The Manner In Which Enrollment and Benefits Determinations Are Made Are Not Separable From the Plan And Are Preempted by FEHBA**

Perhaps recognizing their claims fall within the categories of claims courts routinely hold preempted by FEHBA – namely, those challenging a FEHBA carrier's actions relating to a termination of coverage or denial of benefits – Plaintiffs attempt to recast their Complaint. It is not, they argue, a challenge to their disenrollment from the Plan or even a challenge to a denial of benefits. Rather, "[w]hat the Maples challenge in this lawsuit is *when* their benefits were terminated . . . and *how* the termination was accomplished." Pls.' Opp. at 5 (emphasis in original). And, according to Plaintiffs, they "are not asserting that the Blue Cross Defendants acted negligently, breached the contract or acted in bad faith by not paying benefits," but instead that the Blue Cross Defendants committed these ills "by terminating their coverage without the advance notice required by the Plan." *Id.* at 7.

Presumably, Plaintiffs believe that by characterizing their Complaint as challenging tertiary aspects of the enrollment and benefits determinations – the timing and method, as opposed to the determinations themselves – they may properly bring their FEHBA claim against the Blue Cross Defendants (as opposed to solely against the government) while successfully protecting their state common law claims from the reach of FEHBA preemption. Plaintiffs are mistaken. First, as a factual matter, Plaintiffs' read of their Complaint as not asserting a direct challenge to a denial of benefits or termination of enrollment is belied by the Complaint's plain language. Most glaringly, in their claim for breach of the duty of good faith and fair dealing, Plaintiffs explicitly assert that the Blue Cross Defendants breached this duty

---

recently decided that 'this famous observation has earned its retirement,' and it has prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 544 U.S. at 563, 570).

3

when, "[r]ather than pay the Maples' claims for benefits, BCBS retroactively terminated the Maple's coverage and refused to pay benefits." Compl. ¶ 62. Similarly, Plaintiffs' contend that the Blue Cross Defendants breached their alleged contract with them when the Blue Cross Defendants "wrongfully refused to pay policy benefits to or on behalf of the Maples in accordance with the terms of the insurance contract." Id. ¶ 69. Plaintiffs' promissory estoppel claim is likewise based squarely on the Blue Cross Defendants' retroactive denial of benefits, which allegedly contravened alleged promises previously made to Plaintiffs. See id. at ¶¶ 54-59. The notion, therefore, that Plaintiffs are not mounting a challenge to a denial of benefits or a termination of enrollment is directly contradicted by their own Complaint.

Second, and more importantly, even if Plaintiffs' Complaint challenged only the Blue Cross Defendants' alleged administrative mistakes in handling their enrollment and benefits, it would make no difference, for their claims would still be preempted by FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1). As the Blue Cross Defendants explained in their Motion to Dismiss, "under § 8902(m)(1) as it now reads, state law – whether consistent or inconsistent with federal plan provisions – is displaced on *matters* of 'coverage or benefits.'" *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 686 (2006) (emphasis added). In light of the breadth of § 8902(m)(1), this Court has previously rejected a similar attempt by a plaintiff to plead around FEHBA's preemption provision by characterizing her tort claims as challenging the manner or process by which a benefits determination was made. *Disney v. Continental Assurance Co.*, No. 92-CV-674, 1992 U.S. Dist. LEXIS 21807, at *8 (W.D. Okla. July 1, 1992) (holding that "tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract,'" and, as such, are preempted by

4

FEHBA) (quoting *Hayes v. Prudential Insurance Co.*, 819 F.2d 921, 926 (9th Cir. 1987)). Myriad other courts have held the same. *See, e.g., Burkey v. Government Employees Hosp. Ass'n*, 983 F.2d 656, 660 (5th Cir. 1993) *Carter v. Blue Cross & Blue Shield, Inc.*, 61 F. Supp. 2d 1237, 1241 (N.D. Fla. 1998); *Williams v. Blue Cross & Blue Shield*, 827 F. Supp. 1228, 1230 (E.D. Va. 1993); *see also Ruff v. OPM*, No. 06-cv-1440 (Order of March 30, 2007) (slip op.) (Ex. 7 to Blue Cross Defs.' Mot. to Dismiss) (dismissing as preempted by FEHBA the plaintiff's state law claims for breach of contract and bad faith breach of contract).

## II. Neither the Seventh Circuit's Decision in *Pollitt* Nor the Supreme Court's Decision in *Empire* Assists Plaintiffs

Plaintiffs next misconstrue two recent FEHBA cases, which Plaintiffs contend undermine the Blue Cross Defendants' dismissal arguments. Neither decision, however, even considered the questions at issue here, *i.e.* whether the Blue Cross Defendants are proper parties to a FEHBA cause of action, and whether FEHBA's preemption provision (5 U.S.C. § 8902(m)(1)) preempts a plaintiff's state law claims against a FEHBA carrier. Instead, both cases solely addressed the entirely separate question of whether federal jurisdiction existed over the claims at issue, and thus do nothing to undercut the authority upon which the Blue Cross Defendants rely in their motion.

Plaintiffs first point to the Seventh Circuit's opinion in *Pollitt v. Health Care Serv. Corp.*, 558 F.3d 615 (7th Cir. 2009), *cert. granted*, 130 S. Ct. 396 (2009), *voluntarily dismissed*, 176 L. Ed. 2d 157, 2010 U.S. LEXIS 1901 (Feb. 24, 2010), which, they say, stands for the proposition that dismissal is improper if the decision to terminate their coverage and re-collect benefits originated with the Blue Cross Defendants and not the government. *See* Pls.' Opp. at 9-10. *Pollitt* says no such thing. While *Pollitt* may well have been a factually similar

case in that it too involved plaintiffs complaining of a FEHBA carrier's retroactive denial of benefits and termination of enrollment, Plaintiffs fail to acknowledge the critical *legal* distinction – a distinction that renders *Pollitt* entirely irrelevant. Moreover, a closer examination of *Pollitt* reveals that it explicitly avoided opining on whether the plaintiffs' claims were preempted by FEHBA.

Unlike the Maples, the plaintiffs in *Pollitt* sued the FEHBA carrier in state court, not federal court; the suit was thereafter removed to federal court by the carrier. *See Pollitt* 558 F.3d at 616. Thus, the issue before the Seventh Circuit was not whether the district court was correct in holding that FEHBA preempted plaintiffs' claims (which is the legal question before this Court), but rather whether the case was properly removed (a question not before this Court). In the part of the decision upon which Plaintiffs rely, for example, the court in *Pollitt* considered whether removal was proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1) – which, in the court's words, allows that "any person acting under a federal officer may remove a suit that depends on the defendant's following the directions issued by that federal officer." *Id.* In explaining the relevance of a government directive, the *Pollitt* court did not say – as Plaintiffs contend – that in the absence of a government directive the plaintiff "could pursue state law claims . . . directly against BlueCross." Pls.' Opp. at 9. Rather, the *Pollitt* court merely found that "if the Department of Labor did not direct HCSC to change Pollitt's coverage . . . then this case must be *remanded* to state court." *Pollitt*, 558 F.3d at 616 (emphasis added). In other words, the existence of a government directive was relevant only to the question of the proper forum (state or federal), not to the question of whether the plaintiffs' claims should have been dismissed as preempted by FEHBA.

Indeed, the court made clear that FEHBA may in fact preempt a plaintiff's claim even in the absence of a government directive: "Whether 5 U.S.C. § 8902(m)(1) . . . affects the suit would be a subject for the state court's consideration." 558 F.3d at 616. And even in the face of a government directive and proper removal, the Seventh Circuit explained dismissal even more clearly would be required because, under OPM's regulations, the carrier is an improper party (just as the Blue Cross Defendants argued here). *See id.* In short, to the extent *Pollitt* says anything about the viability of state law claims (as opposed to removal jurisdiction over those claims), it is *favorable* to preemption and dismissal.

Plaintiffs' reliance upon the Supreme Court's decision in *Empire Health Assurance, Inc. v. McVeigh*, 547 U.S. 677, 698 (2006), likewise is misplaced. This case concerned whether federal question jurisdiction existed over a FEHBA carrier's claim for subrogation – known as "reimbursement" – against an enrollee. Plaintiffs claim that, based on *Empire*, "it is clear that the BlueCross Defendants' argument is based on an erroneous belief that FEHBA *completely* preempts claims like the Maples," Pls.' Opp. at 11 (emphasis added), and that the pre-*Empire* case law upon which the Blue Cross Defendants rely for their preemption argument should be ignored, *id.* n.12. In light of this allegedly negative Supreme Court decision, Plaintiffs intimate that the Blue Cross Defendants deliberately avoided using the term "complete preemption." *See id.* at 10 ("the Blue Cross Defendants are careful not to use the words 'complete preemption' with regard to FEHBA and state law claims like the Maples").

Putting aside Plaintiffs' misconstruction of *Empire*, the reason the Blue Cross Defendants did not use the term "complete preemption" is because it is irrelevant to this case. The Blue Cross Defendants moved to dismiss Plaintiffs' common law claims not because they

are "completely preempted," but because they are *expressly* preempted under FEHBA's preemption provision, and because they are *conflict* preempted by FEHBA's remedial scheme. *See* Blue Cross Defs.' Mot. to Dismiss at 15-20. Both of these preemption bases – express and conflict – are species of so-called "ordinary preemption," which is a defensive doctrine that defeats a plaintiff's state law claims on the merits. *Dobbs v. Wyeth Pharms.*, 530 F. Supp. 2d 1275, 1278 (W.D. Okla. 2008) (explaining that the three ways in which state laws are preempted under the Constitution's Supremacy Clause are through express, field, and conflict preemption). Ordinary preemption is not to be confused with the separate doctrine of complete preemption, which is a jurisdictional doctrine that allows a defendant to remove a case to federal court in certain limited situations, but which does not operate to defeat a plaintiff's claims on the merits. *Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1202 (N.D. Okla. 2003) ("Complete preemption is jurisdictional rather than an affirmative defense to a state law claim."). The Tenth Circuit has previously cautioned against conflating the two doctrines, as Plaintiffs do here. *See Meyer v. Conlon*, 162 F.3d 1264, 1268 (10th Cir. 1998) ("Unfortunately, the parties have created some confusion by relying on complete preemption cases and using the phrase 'complete preemption' as a synonym for ordinary preemption."). Thus, even if *Empire* (or any other case) suggested that FEHBA does not completely preempt claims like those asserted by Plaintiffs – which it does not – such a holding would have no bearing on this case.

In any event, a cursory look at *Empire* reveals that, at best, it is irrelevant to this case, and, if anything, assists the Blue Cross Defendants. The issue in *Empire* was not whether FEHBA expressly preempted an enrollee's state law claims (indeed, the enrollee was not even

8

the plaintiff), but whether federal question jurisdiction existed over a FEHBA carrier's claim for reimbursement against an enrollee. *Empire*, 547 U.S. at 683 ("The question presented is whether 28 U.S.C. § 1331 (authorizing jurisdiction over 'civil actions arising under the . . . laws . . . of the United States') encompasses the carrier's action."). Though the Court, in answering this question, did indeed consider the scope of § 8902(m)(1), it was considering the preemption provision's jurisdictional power, not its preemptive power. *Id.* at 697 ("Nor do we read 5 U.S.C. § 8902(m)(1), FEHBA's preemption prescription, as a *jurisdiction-conferring* provision.") (emphasis added); *id.* at 699 ("we extract from § 8902(m)(1) no prescription for federal-court *jurisdiction*.") (emphasis added). To the extent the Court said anything on the preemptive, as opposed to jurisdiction-conferring, effect of § 8902(m)(1), it did nothing to detract from its force: "[U]nder § 8902(m)(1) as it now reads, state law – whether consistent or inconsistent with federal plan provisions – is displaced on matters of 'coverage or benefits.'" *Id.* at 686. *Empire*, therefore, does not undercut the cases relied upon by the Blue Cross Defendants for FEHBA's preemptive effect.

Three additional points raised by Plaintiffs merit reply. First, with respect to Plaintiffs' suggestion that FEHBA's preemption provision is unconstitutional, *see* Pls.' Opp. at 14-16, the Tenth Circuit, without any constitutional qualms, has already applied the provision and found that it preempted a plaintiff's state law claims. *See Bryan v. Office of Personnel Mgmt.*, 165 F.3d 1315, 1320 (10th Cir. 1999). Second, as to Plaintiffs' argument that § 8902(m)(1) preempts only state insurance laws, and not state laws of general application (such as common law torts), such a reading would eviscerate § 8902(m)(1) by permitting plaintiffs to plead around it, and would run contrary to the decisions by numerous courts that have rejected

attempts by plaintiffs to escape FEHBA preemption through the assertion of common law claims. *See supra* p. 5 (citing decisions such as *Hayes*, *Carter* and *Williams*). Moreover, the preemption provision specifically states it preempts not just state laws relating to "health insurance" but also state laws relating to "plans," and the Supreme Court previously has held that when a litigant attempts to use state common law against a health benefits plan, common law qualifies as laws relating to "plans." *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) ("There is no dispute that the common law causes of action asserted in Dedeaux's complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express preemption clause, § 514(a)."). Finally, Plaintiffs contend that the Blue Cross Defendants' conflict preemption argument – namely, that Plaintiffs' state law claims conflict with the exclusive remedy established in FEHBA – is undercut by the Government's *amicus curiae* brief to the Supreme Court in *Pollitt* (a case that was settled before oral argument). *See* Pls.' Opp. at 19. Aside from the fact that *Pollitt* concerned whether the FEHBA remedy was sufficiently exclusive to justify *removal* under the *complete* preemption doctrine (again, a question not at issue here), the Government actually made clear that the FEHBA remedy may well in fact *defensively* preempt the plaintiffs' claims: "The Government agrees that OPM's administrative review scheme is exclusive, and that claims within its scope cannot be pursued in the courts (either state or federal) in the first instance . . . . All of that explains why petitioner may have a strong preemption *defense* in state court." *Health Care Service Corp. v. Pollitt*, Brief for the United States as Amicus Curiae Supporting Respondents at 22, 2010 WL 360215, (01/25/2010).

Respectfully submitted,

s/Alison M. Howard

KEVIN D. GORDON, OBA# 10826
ALISON M. HOWARD, OBA# 19835
CROWE & DUNLEVY, P.C.
20 North Broadway, Suite 1800
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
kevin.gordon@crowedunlevy.com
alison.howard@crowedunlevy.com

- And Of Counsel -

Anthony F. Shelley
MILLER & CHEVALIER Chartered
655 Fifteenth Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 626-5924
Facsimile: (202) 626-5801
ashelley@milchev.com

ATTORNEYS FOR BLUECROSS BLUESHIELD ASSOCIATION AND BLUECROSS BLUESHIELD OF OKLAHOMA

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2010, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Simone Gosnell Fulmer<br>Carin L. Marcussen<br>WHITTEN BURRAGE PRIEST FULMER ANDERSON & EISEL<br>211 N. Robinson Avenue, Suite 1350<br>Oklahoma City, OK 73102<br><br>sfulmer@whittenburragelaw.com<br>cmarcussen@whittenburragelaw.com<br><br>ATTORNEYS FOR PLAINTIFF | Kay Sewell, Asst. U.S. Attorney<br>UNITED STATES ATTORNEYS OFFICE<br>210 Park Avenue, Ste. 400<br>Oklahoma City, OK 73102<br><br>kay.sewell@usdoj.gov<br><br>ATTORNEYS FOR UNITED STATES OF AMERICA ex rel OFFICE OF PERSONNEL MANAGEMENT |

s/Alison M. Howard
ALISON M. HOWARD, OBA# 19835
CROWE & DUNLEVY, P.C.
20 North Broadway, Suite 1800
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-6675
Facsimile: (405) 272-5933
alison.howard@crowedunlevy.com