IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TONY MAPLE; and (2) LISA MAPLE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case Number CIV-09-1405-C |
| (1) UNITED STATES OF AMERICA ex rel. OFFICE OF PERSONNEL MANAGEMENT; (2) BLUECROSS BLUESHIELD ASSOCIATION; and (3) BLUECROSS BLUESHIELD OF OKLAHOMA, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a Complaint on December 30, 2009, asserting claims pursuant to both state law and the Federal Employee Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901, et seq. Plaintiffs' claims stem from the retroactive termination of their healthcare benefits and the attempt to collect benefits previously paid to Plaintiffs' healthcare providers. BlueCross BlueShield Association and BlueCross BlueShield of Oklahoma (the Blue Cross Defendants) filed the present motion to dismiss, arguing that they are not the proper parties for Plaintiffs' FEHBA claims and that Plaintiffs' state law claims are expressly preempted by the FEHBA.

### BACKGROUND

Plaintiff Tony Maple was employed by the United States Post Office for over twenty years. As a federal employee, Mr. Maple and his wife had health benefits under a plan provided by the Blue Cross Defendants. In 1999, Mr. Maple suffered an on-the-job injury

and subsequently, in 2001, Plaintiffs' health benefit plan was transferred to the Office of Workers' Compensation. On August 17, 2004, the Department of Labor notified Mr. Maple that he was no longer entitled to Wage Loss and Schedule Award Compensation benefits.

In January 2005, Mrs. Maple attempted to obtain health insurance coverage through Tri-Care, but was informed by the Blue Cross Defendants that they were still Plaintiffs' primary insurer. The Blue Cross Defendants continued to pay health insurance benefits on behalf of Plaintiffs until the spring of 2007. In August 2007, Plaintiffs received a letter informing them that their federal health insurance benefits had been retroactively terminated to September 7, 2004. The Blue Cross Defendants then began collecting benefits that were previously paid to Plaintiffs' healthcare providers, who in turn sought payment from Plaintiffs. Plaintiffs disputed this action with both the Blue Cross Defendants and Defendant OPM. After these efforts proved unsuccessful, Plaintiffs filed the present Complaint.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the court must accept the complaint as true and must construe all facts in the light most favorable to the plaintiff. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Consistent with the liberal pleading standards of Fed. R. Civ. P. 8(a)[1], the plaintiff need not plead detailed factual allegations, but the face of the complaint must indicate a plausible right to relief that is not simply

---

[1] Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

speculative. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270 (11th Cir. 2008). A complaint containing only conclusory allegations without any factual support will not survive a motion to dismiss. Robbins v. Okla., 519 F.3d 1242, 1247 (10th Cir. 2008). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp., 550 U.S. 544, 563 (2007).

## DISCUSSION

### A. Plaintiffs' FEHBA Claim

Pursuant to FEHBA, the Office of Personnel Management (OPM) is empowered to enter into contracts with different insurance carriers in order to provide health benefits for federal employees. See 5 U.S.C. § 8902(a). FEHBA further authorizes OPM to enact regulations necessary to carry out this function. Id. at § 8913(a). Federal employees enroll in FEHBA plans through their employing office. See 5 C.F.R. § 890.101. Such employing offices make initial determinations regarding enrollment, and federal employees may request that the office reconsider any such decisions. 5 C.F.R. § 890.104. Should employees disagree with any final decisions regarding enrollment, they may file suit against the employing office to compel enrollment. 5 C.F.R. § 890.107(a).

Pursuant to OPM regulations, claims for benefits are filed with the insurance carriers, who can either approve or deny the claim. 5 C.F.R. § 890.105(a).

> If the carrier denies a claim (or a portion of a claim), the covered individual may ask the carrier to reconsider its denial. If the carrier affirms its denial or fails to respond . . . , the covered individual may ask OPM to review the claim. A covered individual must exhaust both the carrier and OPM review processes . . . before seeking judicial review of the denied claim.

Id. Should a covered individual wish to seek judicial review of OPM's final decision denying a claim for health benefits, OPM regulations provide that the suit must be brought solely against OPM and not the insurance carrier. 5 C.F.R. § 890.107(c).

Plaintiffs' Complaint alleges that the Blue Cross Defendants failed to comply with FEHBA and its implementing regulations when it did not compare its enrollment data with that provided by OPM and when it continued to represent to Plaintiffs that they were covered after Mr. Maple's employment was terminated. In connection with this claim, Plaintiffs request a court order requiring the Blue Cross Defendants to pay benefits in accordance with the policy terms through the thirty-first day after notifying Plaintiffs that their benefits were terminated. Although couched in less than clear terms, it is clear that Plaintiffs are seeking judicial review of the decision by both the Blue Cross Defendants and OPM to retroactively terminate their benefits. FEHBA does not provide a cause of action whereby Plaintiffs could be entitled to the relief they seek by suing the Blue Cross Defendants. Accordingly, Plaintiffs' FEHBA claim against those defendants must be dismissed.

**B. Plaintiffs' State Law Claims**

FEHBA contains a preemption provision that states that "[t]he terms of any contract . . . which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans." 5 U.S.C. § 8902(m)(1). Interpretation of this provision is not uniform among the circuits, and even within the Tenth Circuit, conflicting interpretations can be found. Compare Bryan v. Office

of Pers. Mgmt., 165 F.3d 1315, 1320 (10th Cir. 1999) (state law attorney fee provision preempted because it is inconsistent with federal insurance contract); Burkey v. Gov't Emp. Hosp. Ass'n, 983 F.2d 656, 659-61 (5th Cir. 1993) (finding that "[t]ort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract that governs benefits"); Blue Cross & Blue Shield of Fla., Inc. v. Dep't of Banking & Fin., 791 F.2d 1501, 1505 (11th Cir. 1986) (finding state law to be preempted when it conflicts with FEHBA benefits provisions); Myers v. United States, 767 F.2d 1072, 1074 (4th Cir. 1985) (state law which permits recovery of additional benefits not contemplated by FEHBA insurance contract is preempted); Tackitt v. Prudential Ins. Co., 758 F.2d 1572, 1575 (11th Cir. 1985) (federal law, rather than state law, governs interpretation of health insurance contracts); with Howard v. Grp. Hosp. Serv., 739 F.2d 1508, 1510-12 (10th Cir. 1984) (approving state law interpretation of FEHBA contractual provisions). The weight of authority, however, appears to favor preemption of state law.[2]

In the present case, Plaintiffs assert state law claims of promissory estoppel, breach of contract, and breach of the duty of good faith and fair dealing against the Blue Cross Defendants. In order to determine whether such claims are preempted, it is necessary to examine whether they "relate to health insurance or plans." Plaintiffs' breach of contract

---

[2] Contrary to Plaintiffs' arguments, Empire HealthChoice Assurance, Inc. v. McVeigh, 547 U.S. 677 (2006), does not mandate a contrary result. The issue before the Court in that case was whether federal subject matter jurisdiction existed over an insurance carrier's claim for reimbursement from a plan participant. The Court considered FEHBA's preemption provision, but only in the context of whether it independently conferred federal jurisdiction over state law claims that are preempted by FEHBA.

claim clearly relates to their federal health benefit plan because it requires judicial interpretation of the contract plan itself.  Accordingly, this claim must be preempted by § 8902(m)(1).  Similarly, Plaintiffs' claim for breach of the duty of good faith and fair dealing requires judicial interpretation of contractual terms and is therefore preempted.  Although a close call, the Court finds that Plaintiffs' promissory estoppel claim relates to their health insurance plan and is preempted.  Resolution of this claim is likely to involve judicial interpretation of Plaintiffs' health insurance contract and therefore "relates to health insurance or plans."

## CONCLUSION

As set forth more fully herein, the Motion to Dismiss of the Blue Cross Defendants (Doc. 17) is granted.  These Defendants are not proper parties to Plaintiffs' FEHBA claim, which must be dismissed.  Additionally, Plaintiffs' state law claims against the Blue Cross Defendants are preempted by 5 U.S.C. § 8902(m)(1) and must also be dismissed.  No claims remain pending against the Blue Cross Defendants.

IT IS SO ORDERED this 30th day of June, 2010.

ROBIN J. CAUTHRON
United States District Judge